FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 23, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARIA R., | No. 1:24-CV-03171-ACE |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION |
| v. | |
| FRANK BISIGNANO, COMMISSIONER OF SOCIAL SECURITY,[1] | ECF Nos. 10, 12 |
| Defendant. | |

**BEFORE THE COURT** is Plaintiff's Opening Brief and Defendant's Brief in response. ECF No. 10, 12. Attorney Victoria B. Chhagan represents Plaintiff; Special Assistant United States Attorney Justin Lane Martin represents Defendant. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Defendant's Motion and **DENIES** Plaintiff's Motion.

## JURISDICTION

Plaintiff filed an application for Supplemental Security Income on February 7, 2022, alleging onset of disability on March 27, 2021. Tr. 185. The application was denied initially and upon reconsideration. Administrative Law Judge (ALJ)

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Frank Bisignano, Commissioner of Social Security, is substituted as the named Defendant.

ORDER GRANTING DEFENDANT'S MOTION . . . - 1

Laura Valente held a hearing on February 27, 2024, Tr. 53-78, and issued an unfavorable decision on March 13, 2024, Tr. 24-34. The Appeals Council denied Plaintiff's request for review on September 5, 2024, Tr. 6-11, making the ALJ's decision the Commissioner's final decision for purposes of judicial review, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on October 29, 2024. ECF No. 1.

## STANDARD OF REVIEW

The ALJ is tasked with "determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence "is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1098; *Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the claimant bears the burden of establishing a prima facie case of disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) that Plaintiff can perform other substantial gainful activity and (2) that a significant number of jobs exist in the national economy which Plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1497-1498 (9th Cir. 1984); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012). If a claimant cannot make an adjustment to other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE FINDINGS

On March 13, 2024, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 24-34.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the application date, February 7, 2022. Tr. 26.

At step two, the ALJ determined Plaintiff had the following severe impairments: degenerative disc disease, bilateral carpal tunnel syndrome post-release, obesity, and hemorrhoids with sacral colpopexy. Tr. 26.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 27.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found Plaintiff could perform light work, with the following limitations:

> [Plaintiff] can sit for 1 hour at a time with changes of position while seated . . . and in this manner, can sit for 6 hours total in an 8-hour workday. She can stand and/or walk for 5 hours total in an 8-hour workday. She can occasionally climb ladders, ropes, and scaffolds. She can do all other postural activities frequently. She can frequently fine finger and gross handle bilaterally. She must avoid concentrated exposure to vibrations, extreme cold, and hazards. With her left, lower extremity she can occasionally push and pull.

Tr. 28.

At step four, the ALJ found Plaintiff was not able to perform any past relevant work. Tr. 32.

At step five, the ALJ found that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff could perform jobs that existed in significant numbers in the national economy, including the jobs of office helper, storage rental clerk, and outside deliverer. Tr. 32-33.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the date the application was filed, February 7, 2022, through the date of the decision, March 13, 2024. Tr. 34.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff asserts the ALJ erred by (1) improperly evaluating Plaintiff's testimony and (2) improperly evaluating the medical opinion evidence (specifically, two reports of Salvador Lopez, PA-C). ECF No. 10 at 3 & 16.

## DISCUSSION

**A.    Medical Opinion Evidence**

Plaintiff contends the ALJ erred by improperly evaluating the medical opinion evidence. ECF No. 10 at 16. Plaintiff specifically argues the ALJ erred by rejecting two reports of Salvador Lopez, PA-C. ECF No. 10 at 17-18.

For claims filed on or after March 27, 2017, the ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources. 20 C.F.R. §§ 404.1520c(a) and (b), 416.920c(a) and (b). The factors for evaluating the persuasiveness of medical opinions and prior administrative findings include supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5).

Supportability and consistency are the most important factors, and the ALJ must explain how both factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). The ALJ may explain how she considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.* Supportability and consistency are explained in the regulations:

> (1) *Supportability*. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) *Consistency*. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c)(1)-(2), 416.920c(c)(1)-(2).

The Ninth Circuit addressed the issue of whether the 2017 regulatory framework displaced the longstanding case law requiring an ALJ to provide specific and legitimate reasons to reject an examining provider's opinion. *Woods*

ORDER GRANTING DEFENDANT'S MOTION . . . - 5

*v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022).  The Court held that the new regulations eliminate any hierarchy of medical opinions, and the specific and legitimate standard no longer applies.[2]  *Id.* at 788-789, 792.  The Court reasoned the "relationship factors" remain relevant under the new regulations, and thus the ALJ can still consider the length and purpose of the treatment relationship, the frequency of examinations, the kinds and extent of examinations that the medical source has performed or ordered from specialists, and whether the medical source has examined the claimant or merely reviewed the claimant's records.  *Id.* at 790, 792.  Even under the 2017 regulations, an ALJ must provide an explanation supported by substantial evidence when rejecting an examining or treating doctor's opinion as unsupported or inconsistent.  *Id*. at 792.

Mr. Lopez completed a form provided by Plaintiff's attorney in March 2023.  Tr. 703-705.  On this form, Mr. Lopez wrote that Plaintiff had "unbearable and debilitating pain" and was unable to sit, stand or do heavy lifting (described as no more than 20 pounds).  Tr. 704.  Mr. Lopez checked boxes indicating Plaintiff had conditions likely to cause pain and that work on a regular and continuous basis would cause Plaintiff's condition to deteriorate; however, he additionally checked a box indicting it was unlikely Plaintiff would miss work due to her medical condition.  Tr. 704.

On February 20, 2024, Mr. Lopez filled out a nearly identical form at Plaintiff's attorney's request.  Tr. 939-941.  On this occasion, Mr. Lopez checked a box indicated Plaintiff was "severely limited," or unable to lift at least 2 pounds or unable to stand and/or walk.  Tr. 940.  Yet, Mr. Lopez also specifically opined that

---

[2]Plaintiff erroneously cites and relies on old case law for the holding that the contrary opinion of a non-examining medical source does not alone constitute a specific, legitimate reason for rejecting a treating or examining physician's opinion.  ECF No. 10 at 19-20.

ORDER GRANTING DEFENDANT'S MOTION . . . - 6

1 Plaintiff was unable to sit or stand for very long and could not lift over 10 pounds.
2 Tr. 939.  Mr. Lopez again wrote that Plaintiff had "unbearable and debilitating
3 pain."  Tr. 939.  Mr. Lopez checked boxes indicating Plaintiff had conditions likely
4 to cause pain and that work on a regular and continuous basis would cause
5 Plaintiff's condition to deteriorate.  Tr. 939.  He also checked boxes indicating it
6 was probable Plaintiff would miss work (four or more days per month on average)
7 due to her medical condition.  Tr. 939.

8       The ALJ found both statements unpersuasive.  Tr. 31.  The ALJ concluded
9 Mr. Lopez did not provide significant support for the extreme limitations he
10 assessed and offered only the conclusory statement that Plaintiff had pain due to
11 "physical disability."  The ALJ additionally determined Mr. Lopez's opinions were
12 inconsistent with imaging results and findings on physical examination which
13 showed improvement in Plaintiff's pain and activity tolerance with pain
14 medication.  Tr. 31.

15       With regard to supportability, Mr. Lopez offered no supporting explanation
16 for the extreme limitations he opined on the forms; he provided no specific clinical
17 findings or diagnostic imaging results to corroborate his conclusions.  In any event,
18 as indicated by the ALJ, Tr. 31, the assessed limitations are not supported by Mr.
19 Lopez's own treatment notes.  Tr. 762 (gait is normal; no indication Plaintiff was
20 unable to sit or stand); 776, 787, 791, 795 & 801 (gait is normal the patient can
21 walk several steps, then turn, and come back; balance is easy).  Although later
22 records from Mr. Lopez note Plaintiff had back pain/chronic pain, Tr. 803-864,
23 these records do not reflect that Plaintiff was unable to sit, stand or walk as
24 assessed on the form statements.

25       As to consistency, in addition to the obvious internal inconsistencies
26 mentioned when outlining the reports above, the drastic degree of impairment
27 opined by Mr. Lopez is inconsistent with the diagnostic imaging results and the
28 physical evaluations of record.  There is no objective evidence indicating that

Plaintiff's condition prohibited her from sitting, standing, walking, or lifting no more than two pounds. As noted by the ALJ, Plaintiff has had temporary improvement with epidural injections, had reported improvement in her pain and functioning with pain medication, and, although she walks with an antalgic gait and has some reduced strength, has fair range of motion and muscle tone and intact sensation. Tr. 31. The ALJ thus determined the record reflected Plaintiff was restricted to less than the full range of light work with an ability to change positions, but that Plaintiff was not unable to do all work as assessed by Mr. Lopez on the form statements.

The ALJ provided adequate rationale for finding the opinions in the two reports of Mr. Lopez unsupported and inconsistent with the objective evidence of record. Plaintiff has failed to demonstrate that the ALJ erred by finding those reports not persuasive. Accordingly, Plaintiff is not entitled to remand on this issue.

B.     **Plaintiff's Subjective Complaints**

Plaintiff additionally contends the ALJ erred by improperly assessing her subjective limitations. ECF No. 10 at 3-15.

It is the province of the ALJ to make determinations regarding a claimant's subjective statements. *Andrews,* 53 F.3d at 1039. However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen,* 80 F.3d at 1281; *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the

ORDER GRANTING DEFENDANT'S MOTION . . . - 8

claimant's complaints." *Lester* at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993); *see also Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022) ("Ultimately, the 'clear and convincing' standard requires an ALJ to show [their] work[.]").  Thus, to satisfy the substantial evidence standard, the ALJ must provide specific, clear, and convincing reasons which explain why the medical evidence is *inconsistent* with the claimant's subjective symptom testimony.  *Ferguson v. O'Malley*, 95 F.4th 1194, 1200 (9th Cir. 2024) (emphasis in original).

Here, the ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record.  Tr. 29.

    1.  *Objective Medical Evidence*

With respect to the ALJ's analysis of Plaintiff's subjective complaints, the ALJ first determined that the medical records do not support Plaintiff's description of disabling impairments.  Tr. 29-31.

An ALJ may not discredit a claimant's symptom testimony and deny benefits solely because the degree of the symptoms alleged is not supported by objective medical evidence.  *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001); *Bunnell v. Sullivan*, 947 F.2d 341, 346-347 (9th Cir. 1991); *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989); *Burch v. Barnhart,* 400 F.3d 676, 680 (9th Cir. 2005).  However, the objective medical evidence is a relevant factor, along with the medical source's information about the claimant's pain or other symptoms, in determining the severity of a claimant's symptoms and their disabling effects. *Rollins*, 261 F.3d at 857; 20 C.F.R. § 416.929(c)(2).

Here, the ALJ noted medical records and imaging results that were inconsistent with Plaintiff's allegations of totally disabling symptoms.  Tr. 29-31.  As indicated by the ALJ, Tr. 29, imaging evidence of record reflects no acute

abnormalities: a June 2022 MRI of the lumbar spine revealed a broad-based disc bulge at L5-S1 but without significant central canal stenosis, there was progression of the right foraminal stenosis, and mild to moderate left foraminal stenosis, Tr. 616. Plaintiff was advised to try physical therapy for her symptoms, and records from November 2022 show Plaintiff also received L5-S1 epidural steroid injections with temporary relief. Tr. 29-30, 756, 806. As indicated by the ALJ, state agency reviewing physicians, Drs. Dorothy Leong and Mark Magdaleno, opined that Plaintiff would only be limited to light exertion level work. Tr. 31. Treatment records additionally contradict the degree of limitation alleged by Plaintiff: Plaintiff had slightly reduced muscle strength (4/5) but generally appeared in no acute distress and exhibited normal muscle tone and normal range of motion in her extremities, intact sensation, intact cranial nerves, and negative straight leg testing. *See* ECF 12 at 17-18 citing Tr. 727, 737, 739, 869, 872, 888, 899, 908, 912-913, 922, and 928. And, as noted above, Mr. Lopez's treatment notes do not support the severity of symptoms alleged by Plaintiff. Tr. 762 (normal gait); 776, 787, 791, 795 & 801 (gait is normal the patient can walk several steps, then turn, and come back; balance is easy).

Based on the foregoing, the Court concludes that the ALJ's finding that the medical evidence of record does not support Plaintiff's description of disabling impairments is at least a rational interpretation of the evidence. While Plaintiff's briefing offers an alternative interpretation of the evidence, the Court finds the ALJ's interpretation is reasonable and supported by substantial evidence. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) ("If the evidence can reasonably support either affirming or reversing a decision, we may not substitute our judgment for that of the Commissioner."). Accordingly, the Court finds that the ALJ's determination that the objective medical evidence of record does not support the severity of Plaintiff's alleged symptoms and limitations was a valid, clear and convincing reason to discount Plaintiff's subjective complaints.

*2. Effectiveness of Treatment*

The ALJ also indicated the record reflects Plaintiff had improvement of her symptoms with treatment (epidural injections and pain medication). Tr. 30-31.

The effectiveness of medication in alleviating pain and other symptoms is a relevant factor to consider in evaluating the severity of a claimant's symptoms. 20 C.F.R. § 416.929(c)(3)(iv); *see e.g. Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999) (an ALJ may properly rely on a report that a plaintiff's symptoms improved with the use of medication); *Odle v. Heckler*, 707 F.2d 439, 440 (9th Cir. 1983) (noting impairments that are controlled by treatment cannot be considered disabling).

With respect to Plaintiff's back pain, Plaintiff had short-term relief following epidural injections in November 2022, Tr. 30, 31, 756; on April 26, 2023, Plaintiff stated she was currently only taking Tylenol for her pain and requested pain medication, Tr. 30, 827; while physical therapy reportedly did not improve her pain and function, Plaintiff made small improvements in strength and was doing okay "pain wise" in May 2023, Tr. 30, 31, 717, 835; on June 29, 2023, despite continued pain, Plaintiff reported she was able to return to all normal activities and denied her ability to work was affected, Tr. 30, 837; on July 12, 2023, it was reported that Oxycodone improved her activities of daily living, Tr. 840; and, in December 2023, Plaintiff reported her opiate pain management therapy was adequate, Tr. 30, 858.

Regarding her hand pain, imaging from July 2023 revealed bilateral moderate to severe carpal tunnel syndrome (right worse than the left) and mild right ulnar neuropathy that was noted to not fit the clinical criteria for cubital tunnel syndrome. Tr. 30, 743. In September 2023, Plaintiff underwent a right carpal tunnel release procedure. Tr. 30, 741. Follow up appointments noted Plaintiff was doing well and planned to undergo surgery on her left hand. Tr. 30, 741, 851. She underwent the surgery on her left hand in November 2023 and

reported it went well apart from an infection at the incision. Tr. 30, 858. Plaintiff reported some locking in her thumb and index finger on her right hand in January 2024, Tr. 865, for which she received injections, Tr. 870. Tr. 30. There are no further reports of issues related to her hands.

Based on the foregoing, the Court finds the effectiveness of Plaintiff's treatment was an additional valid reason, supported by substantial evidence, for discounting Plaintiff's subjective complaints in this case. Although Plaintiff's briefing again offers an alternative interpretation of the evidence, the ALJ's interpretation is reasonable and supported. *See Lingenfelter*, 504 F.3d at 1035.

### 3. Activities of Daily Living

The ALJ also determined Plaintiff's activities of daily living show that she is more functional than alleged. Tr. 30.

An ALJ may consider a claimant's activities that undermine reported symptoms. *Rollins*, 261 F.3d at 857. If a claimant can spend a substantial part of the day engaged in pursuits involving the performance of exertional or non-exertional functions, the ALJ may find these activities inconsistent with the reported disabling symptoms. *Fair*, 885 F.2d at 603; *Molina v. Astrue,* 674 F.3d 1104, 1113 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 416.902(a). "While a claimant need not vegetate in a dark room in order to be eligible for benefits, the ALJ may discount a claimant's symptom claims when the claimant reports participation in everyday activities indicating capacities that are transferable to a work setting" or when activities "contradict claims of a totally debilitating impairment." *Molina*, 674 F.3d at 1112-13. "Only if the level of activity is inconsistent with Claimant's claimed limitations" do daily "activities have any bearing on Claimant's credibility." *Ferguson,* 95 F.4th at 1203 (quoting *Reddick*, 157 F.3d at 722).

Here, the ALJ noted that Plaintiff is routinely observed to be alert, oriented, and well-groomed; able to prepare simple meals and do some household chores;

can shop in stores and pay bills, count change, handle a savings account, and use a checkbook; and regularly spends time with others in person or over the phone or computer. Tr. 27. Defendant's briefing also mentions that the record shows Plaintiff cared for two teenaged children during the relevant time period. ECF No. 12 at 17. The ALJ found Plaintiff reports that, despite her impairments, she has a fully intact ability to tend to her personal care and grooming, can prepare simple meals, can do household chores, leave her home regularly, can shop in stores, and can manage her own finances, were not consistent with her alleged disabling symptoms: "her symptoms were not so extreme as to interfere with her ability to independently initiate, sustain, or complete activities such as preparing a simple meal, feeding herself, caring for her personal hygiene, etc." Tr. 28, 30.

The Court finds that it was reasonable for the ALJ to conclude that Plaintiff's activities of daily living were inconsistent with her allegations of totally disabling symptoms and thus detracted from her overall credibility. This was another clear and convincing reason, supported by substantial evidence, to discount Plaintiff's symptom claims.

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. The Court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ even if it might justifiably have reached a different result upon *de novo* review. 42 U.S.C. § 405(g). After reviewing the record, and based on the foregoing, the Court finds that the ALJ provided clear and convincing reasons, which are fully supported by the record, for finding Plaintiff's symptom allegations were not entirely credible in this case. Plaintiff is thus not entitled to a remand.

///

**CONCLUSION**

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of legal error. Accordingly, **IT IS HEREBY ORDERED:**

    1.    Defendant's motion to affirm, **ECF No. 12**, is **GRANTED**.

    2.    Plaintiff's motion to reverse, **ECF No. 10**, is **DENIED**.

**IT IS SO ORDERED**. The District Court Executive shall file this Order and provide copies to counsel. **Judgment shall be entered for Defendant and the file shall be CLOSED**.

DATED June 23, 2025.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE